# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 76257-5-I |
| | DIVISION ONE |
| MICHAEL ALEXANDER WADE, JR., | UNPUBLISHED OPINION |
| Petitioner. | FILED: February 20, 2018 |

PER CURIAM. Michael Wade filed a timely personal restraint petition challenging the consecutive sentences imposed pursuant to his conviction for multiple firearm-related convictions. Wade contends that trial counsel was ineffective for failing to argue that the convictions were the same criminal conduct and for not requesting an exceptional sentence below the standard range. To successfully challenge a judgment and sentence by means of a personal restraint petition, a petitioner must establish either (1) actual and substantial prejudice arising from constitutional error, or (2) nonconstitutional error that inherently results in a "complete miscarriage of justice." In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990); In re Pers. Restraint of Hews, 99 Wn.2d 80, 88, 660 P.2d 263 (1983). Because Wade has met this burden, we grant the petition and remand for resentencing.

Wade was found guilty by the court, after waiving his right to a jury, of three counts of residential burglary (counts 1 through 3), six counts of theft of a firearm (counts 4 through 9), one count of second-degree theft (count 10), one

count of first-degree trafficking in stolen property (count 11) and one count of unlawful possession of a firearm (count 12). The State recommended a low-end sentence of 549 months confinement, noting that each of the six counts of theft of a firearm "would be served consecutively under the statute." The State stipulated that count 10 constituted the same criminal conduct as count 3.

Wade's attorney noted that "had [Wade] committed a crime or crimes that resulted in severe disfigurement of another human being that he would be serving less time than he'll be serving to this sentence." Nonetheless, Wade's attorney agreed with the State's recommendation and did not argue for concurrent sentences or request an exceptional sentence below the standard range.

The trial court imposed a total sentence of 549 months. This included concurrent sentences for each of the theft of a firearm convictions pursuant to RCW 9.94A.589(1)(c).[1] The trial court stated:

> As the Court is aware, the defendant is being sentenced today on six counts of theft of a firearm and one count of unlawful possession of a firearm in the first degree. Each of those standard ranges therefore would be served consecutively under the statute.
> …
>
> Okay. Well, it's a bit distressing what we have to do here this morning. The low end of the standard range is a very, very long

---

[1] RCW 9.94A.589(1)(c) provides: "If an offender is convicted under RCW 9.41.040 for unlawful possession of a firearm in the first or second degree and for the felony crimes of theft of a firearm or possession of a stolen firearm, or both, the standard sentence range for each of these current offenses shall be determined by using all other current and prior convictions, except other current convictions for the felony crimes listed in this subsection (1)(c), as if they were prior convictions. The offender shall serve consecutive sentences for each conviction of the felony crimes listed in this subsection (1)(c), and for each firearm unlawfully possessed."

- 2 -

time. But that's the only option I have right now. There's no – there's no basis for mitigation. There's no basis for a sentence below the standard range...[F]rankly I would much rather impose a lower sentence if I had the opportunity. But I don't.

...

And, Mr. Wade, I don't know what to tell you. I wish we weren't doing this right now, in all honesty, I really do. I was hopeful that we would be here talking about a sentence that was about half the length of what we're talking about now, but that's not going to happen and – I just don't know what else to say other than I wish we weren't doing this.

In the judgment and sentence, the trial court crossed out "theft in the second degree" and added the handwritten notation "same criminal conduct as count 3."

In State v. McFarland, 189 Wn.2d 47, 399 P.3d 1106 (2017), the Washington Supreme Court, relying on its analysis in In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 166 P.3d 677 (2007), held that "in a case in which standard range consecutive sentencing for multiple firearm-related convictions 'results in a presumptive sentence that is clearly excessive in light of the purpose of [the SRA],' a sentencing court has discretion to impose an exceptional, mitigated sentence by imposing concurrent firearm-related sentences." McFarland, 189 Wn.2d 47 at 55 (quoting RCW 9.94A.535(1)(g)).

The State concedes that Wade is entitled to resentencing under McFarland.[2] We accept the State's concession. We vacate Wade's sentence and remand for resentencing in accordance with McFarland.

---

[2] In McFarland, the defendant argued that the trial court erred in declining to impose concurrent sentences because it erroneously believed it could not do so, and in the alternative, that trial counsel was ineffective for failing to request an exceptional

No. 76257-5-I/4

The State additionally argues that the trial court erred in failing to impose a sentence for count 10. The State notes, correctly, that a determination that two crimes constitute the same criminal conduct affects only scoring of the offenses, but does not preclude imposition of a sentence. See RCW 9.94A.589(1)(a) (if a trial court makes a finding that some or all of the current offenses encompass the same criminal conduct, "then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently."). The same criminal conduct doctrine does not "affect the underlying convictions' validity." State v. Wilkins, 200 Wn. App. 794, 806, 403 P.3d 890 (2017). On remand, the trial court shall be directed to impose a sentence for count 10.

For the court:

_Trickey, Acj_

_____

_____

sentence. The court in McFarland did not address the ineffective assistance of counsel claim. Here, Wade frames his argument only in the context of an ineffective assistance of counsel claim. Nonetheless, in light of the State's concession, we remand for resentencing.

- 4 -